## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**PETE GARCIA and**
**INTERNATIONAL ASSOCIATION OF MACHINISTS,**

              **Plaintiffs,**

**vs.**                                                   **Civ. No. 07-823 JCH/KBM**

**WACKENHUT SERVICES, INC.,**
a Florida Corporation registered to do
business in New Mexico,
              **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiffs' *Reply and Opposition to Notice of Removal*

[Doc. no. 15] and on the Defendant's *Amended Motion to Dismiss or, in the Alternative, Motion for*

*Summary Judgment* [Doc. no. 18].  Plaintiffs' motion asks the Court to remand this matter to the state

court.  Because the Court finds that it has proper jurisdiction over this matter, Plaintiffs' motion is

denied.  Additionally, after considering the law, the briefs, and the evidence submitted, the Court is

convinced that no genuine issue of material fact exists and that judgment should be granted in favor

of the Defendant.

## BACKGROUND[1]

Plaintiff Pete Garcia ("Garcia") was previously employed by Defendant as a security guard

at the National Aeronautics and Space Administration's ("NASA's") White Sands Testing Facility

---

[1]Some of the facts in this background section are taken from Defendant's statement of
facts and the exhibits attached to its motion to dismiss.  Although the Court is treating this as a
summary judgment motion, and the facts must therefore be viewed in the light most favorable to
the nonmovant, Plaintiffs stated that they do not contest the facts as presented by Defendant.  *See*
Doc. no. 19, ¶1).

("WSTF"). On or about March 30, 2006, Defendant terminated Garcia's employment. Garcia was a member of the International Association of Machinists and Aerospace Workers Union White Sands Local Lodge # 2512 ("IAM"), which is the certified bargaining representative for Defendant's employees at WSTF. With the help of the IAM, Garcia filed a grievance pursuant to the Collective Bargaining Agreement ("CBA") negotiated between the IAM and Defendant. This grievance was ultimately submitted to arbitration, in accordance with the terms of the CBA.

The arbitrator assigned to Garcia's claim ruled that he should be reinstated with full back pay, minus any offsets. Defendant paid Garcia his back pay and sent him a letter reinstating him to his position, pursuant to the arbitrator's decision, beginning on February 26, 2007. However, just before Garcia was scheduled to return to work, Defendant received notification from NASA's Head of Security at WSTF that he would not approve a certification for Garcia to carry a concealed firearm. All of Defendant's security guards at WSTF are required to carry a firearm, and must receive certification from NASA to carry that firearm. As a result of NASA's refusal to certify Garcia, which came subsequent to the arbitrator's decision, Defendant terminated Garcia for a second time. Plaintiffs allege that Defendant has refused to reinstate Garcia despite the arbitrator's award. Garcia has filed a second grievance under the CBA to challenge his most recent termination.

## DISCUSSION

### A.    Federal Court Jurisdiction

Garcia filed his initial complaint in the Third Judicial District Court in Dona Ana County, New Mexico, on July 16, 2007. After being served with Garcia's initial complaint on July 24, 2007, Defendant filed a *Notice of Removal* [Doc. no. 1] with the United States District Court for the District

of New Mexico on August 23, 2007.[2]  In their motion to remand, filed September 26, 2007, Plaintiffs

contend that their cause of action is a simple state law claim that does not implicate any federal

question, because the claim can be resolved under state law without interpretation of the applicable

CBA.  Defendant asserts that because Plaintiffs seek to enforce rights arising under the CBA, all of

Plaintiffs' claims are preempted by section 301 of the Labor Management Relations Act ("LMRA"),

29 U.S.C. § 185(a).  Defendant is correct that Plaintiffs' claims are "founded directly on rights

created by [a] collective-bargaining agreement[]," *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394

(1987); therefore section 301 governs and  federal question jurisdiction exists under 28 U.S.C. §

1331.  Thus, removal was proper under 28 U.S.C. § 1441(a) and (b).

    Plaintiffs are generally correct in their assertion that federal jurisdiction exists only when a

federal question is presented on the face of a plaintiff's complaint, so that a case may not be removed

to federal court solely on the basis of a federal defense, including a defense of preemption.  However,

a corollary to this rule, known as the "complete preemption" doctrine, exists when "the preemptive

force of a statute is so 'extraordinary' that it 'converts an ordinary state common law complaint into

one stating a federal claim for purposes of the well-pleaded complaint rule.'"  *Caterpillar, Inc.*, 482

U.S. at 393 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).  If an area of state

law is completely preempted by a federal statute, any claim that is made under that preempted state

law is considered a federal claim arising under federal law.  *See id.*  Section 301 of the LMRA is just

---

[2]On August 21, 2007, Plaintiffs filed an amended complaint in state court, adding the
IAM as a plaintiff and adding additional claims.  Defendant learned of the amended complaint
for the first time on September 14, 2007.  Thus, Defendant's notice of removal does not address
the second Plaintiff or the additional claims.  Because the underlying cause of action that created
federal jurisdiction did not change under the amended complaint, Defendant did not need to
update its notice of removal to address the amended complaint.

such a statute.

Section 301 provides: "Suits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect of the amount in controversy or without regard to the citizenship of the parties." 28 U.S.C. § 185(a).  The Supreme Court has held that "[T]he preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'  Any such suit is purely a creature of federal law..." even if state law would provide a cause of action in the absence of section 301.  *Caterpillar, Inc.*, 482 U.S. at 394 (quoting *Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California*, 463 U. S. 1 (1983)).

The Tenth Circuit has recognized that "[p]laintiffs often attempt to avoid federal jurisdiction under 301 by framing their complaints in terms of state law theories" and has observed that courts should therefore "look beyond the allegations of the complaint, often to the petition for removal, to determine whether the wrong complained of arose from a breach of obligations under the collective bargaining agreement." *Albertson's, Inc. v. Carrigan*, 982 F.2d 1478, 1480-81 (10th Cir. 1993).  It appears that, in this case, Plaintiffs may have been trying to do exactly what the Tenth Circuit described.  Plaintiffs contend that their claim, which seeks to enforce the arbitration award issued in favor of Mr. Garcia under the CBA, is a type of "nonnegotiable right[] conferred on [an] individual employee[] as a matter of state law," and therefore not subject to section 301 preemption.  *See Lividas v. Bradshaw*, 512 U.S. 107, 123 (1994) (internal citations omitted).  However, unlike the claims in *Lividas* and other cases cited by Plaintiffs, theirs is not the type of claim that arises "independent of rights under the collective

4

bargaining agreement." *See Lividas,* 512 U.S. at 123 (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985)).

Indeed, the law is settled that actions to enforce arbitration awards rendered pursuant to a CBA arise under section 301 and state court actions to enforce them are therefore preempted by federal law. *See Brown v. Witco Corp.*, 340 F.3d 209 (5th Cir. 2004) (removal to federal court of an employee's action to enforce an arbitrator's decision ordering reinstatement and back pay was proper because such an action arises under § 301); *Carrion v. Enterprise Ass'n*, 227 F.3d 29, 34 (2d Cir. 2000) (section 301 jurisdiction extends to suits by an employee seeking to enforce an arbitration award against an employer); *Samples v. Ryder Truck Lines, Inc.*, 755 F.2d 881, 884-85 (11th Cir. 1985) ("a suit to enforce a favorable arbitration award is a section 301 claim" not a "straightforward state court action," and only federal law should apply); *City of Saginaw v. Service Employees Int'l Union, Local 446-M,* 720 F.2d 459, 461-62 (6th Cir. 1983) ("[a]n action brought by a union against an employer to enforce an arbitration award rendered pursuant to a collective bargaining agreement 'arises under' § 301 . . . even where the union pleads a cause of action based solely under state contract law because the preemptive force of § 301 is so powerful as to displace entirely any state cause of action"); *Santiago Sanchez v. Gate Engineering Corp.*, 193 F. Supp. 2d 392, 395 (D. P.R. 2002) ("It is well settled that specific enforcement of an "Arbitration Award" ordering reinstatement and back pay to individual employees does not arise under local law, but under section 301 of the LMRA," so removal of state court action was appropriate).

In addition to seeking enforcement of Mr. Garcia's arbitration award, Plaintiffs also seek "all fees and costs associated with the original arbitration in this matter" as well as "Plaintiffs'

attorney fees and costs associated with bringing this action." (Amended Complaint ¶ 28 (C) and

(D), attached to Doc. no. 11, *Supplement to State Court Record*). The claim for fees and costs

associated with the original arbitration is clearly "founded directly on rights created by the

collective-bargaining agreement[]," *Caterpillar, Inc.*, 482 U.S. at 394, and is thus subject to

section 301 preemption. The CBA explicitly addresses payment of the arbitrator and must be

consulted to assess this claim. (Doc. no. 18, Ex. 1 at Article 17, Section 5). Similarly, Plaintiffs'

claim for attorney fees and costs in this action are also depend on the CBA and are governed by

section 301. *See Teamsters Local 117 v. David Wire Corp.*, 187 F. Supp. 2d 1279, 1281-83

(W.D. Wash. 2001) ("It is a settled point of law that state attorneys' fees provisions are

completely preempted by § 301 when the arbitration award is litigated.").

**B.        Conversion to Motion for Summary Judgment**

Defendant filed a motion to dismiss this case under Fed. R. Civ. P. 12(b)(6) for failure to

state a claim upon which relief can be granted, or, in the alternative, for summary judgment

pursuant to Fed. R. Civ. P. 56.[3] Attached to the motion to dismiss was: (1) an affidavit from

Defendant's Site Security Manager setting out the events leading up to and following the

arbitrator's decision; (2) a copy of the CBA [Ex. 1]; (3) a copy of a letter to Garcia, dated

February 14, 2007, notifying him of his reinstatement effective February 26, 2007 [Ex. 2]; (4)

_____

[3] Defendant filed a motion to dismiss or, in the alternative, for summary judgment, based on Garcia's initial complaint. [Doc. no. 4, filed August 30, 2007]. After amending their complaint to add an additional plaintiff and new claims, Plaintiffs sought and received an extension of time, until October 1, 2007, to respond to Defendant's initial Motion to Dismiss. In light of the amended complaint, Defendant submitted an amended motion to dismiss or, in the alternative, for summary judgment [Doc. no. 18, filed September 27, 2007] which superseded its initial motion. The exhibits Defendant attached to its amended motion were the same as those attached to its initial motion.

copies of checks and pay stubs showing settlement pay and retroactive pay sent to Garcia [Ex. 3]; (5) a copy of a letter from NASA's Head of Security at the WSTF dated February 20, 2007, notifying Defendant that NASA would not sign a "Certification to Carry Unconcealed Firearms" for Garcia, thus rendering Garcia unable to serve as an armed security officer at the White Sands Test Facility [Ex. 4]; (6) a copy of a letter from Defendant to Garcia, dated February 26, 2007, notifying him that Defendant would have to terminate his employment effective immediately because of NASA's decision not to issue him a "Certification to Carry Unconcealed Firearms" [Ex. 5]; and (7) a copy of the Grievance Form filed by Plaintiffs in March, 2007, protesting Garcia's termination [Ex. 6].

Rule 12(d) provides that if materials outside the pleadings are presented to, and not excluded by, the court in the context of a Rule 12(b)(6) motion, the court must treat the motion as one for summary judgment. *See Carter v. Stanton*, 405 U.S. 669, 671, 31 L. Ed. 2d 569, 92 S. Ct. 1232 (1972); *Foremaster v. City of St. George*, 882 F.2d 1485, 1491 (10th Cir. 1989). In this case, the materials submitted by Defendant provided context to Plaintiffs' complaint and enabled the Court to better evaluate the circumstances surrounding the claim. Therefore, the Court accepted the materials and is treating Defendant's motion as one for summary judgment.

When a court converts a Rule 12(b)(6) motion into one for summary judgment, it generally must provide the parties with notice in order to avoid unfair surprise. However, "when a party submits material beyond the pleadings in support of or opposing a motion to dismiss, the prior action on the part of the parties puts them on notice that the judge may treat the motion as a Rule 56 motion." *Wheeler v. Hurdman*, 825 F.2d 257, 260 (10th Cir. 1987) *cert. denied* 484 U.S. 986, 98 L. Ed. 2d 501, 108 S. Ct. 503 (1987) (citing *Nichols v. United States*, 796 F.2d 361, 364

(10th Cir. 1986)).  This is especially the case in a matter such as this one, where the movant

styled its motion to dismiss as one for summary judgment in the alternative, and included

documents outside of the pleading with its motion.  *See Marquez v. Cable One*, *Inc.*, 463 F. 3d

1118, 1121 (10th Cir. 2006) ("plaintiff had explicit notice that the district court would convert

[motion to dismiss] to a motion for summary judgment" where initial motion was styled in the

alternative as one for summary judgment and included evidentiary materials outside the

complaint) (citing 11 James Wm. Moore, *Moore's Federal Practice* ¶56.30[4] at 230 (3d ed.

2006) ("[c]ourts have concluded that a court is not required to give notice of its intention to

convert a Rule 12(b)(6) motion into a summary judgment motion when the motion was styled in

the alternative.")).

        Plaintiffs requested and received additional time to respond to Defendant's initial motion

to dismiss.  Defendant's initial motion contained each of the exhibits that was attached to its

amended motion, so Plaintiffs were well aware of the exhibits' content.  Even after the additional

time, Plaintiffs did not object to the consideration of Defendant's exhibits, come forward with any

evidence to challenge those exhibits in order to create a triable issue of fact, or indicate that they

would present any countervailing evidence if they had further time or discovery.  In fact, in their

reply to the motion, Plaintiffs stated that the Court may take as true Defendant's statement of

facts, which repeatedly referenced its submitted exhibits.  *See* Plaintiffs' *Reply and Opposition to*

*Defendant's Amended Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment*

[Doc. no. 19, ¶1].  Plaintiffs only disagreed with Defendant's statement that it had complied with

the arbitrator's decision, which is a matter of legal interpretation, not a triable issue of fact.  Thus,

the Court concludes that conversion of Defendant's motion to one for summary judgement is

proper, and that Plaintiffs had constructive notice of this conversion and a sufficient opportunity
to respond.

### C.   Decision on the Merits

Summary judgment generally is appropriate when a court determines that "there is
no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of
law." *Thrasher v. B & B Chem. Co.*, 2 F.3d 995, 996 (10th Cir. 1993).  A plaintiff cannot rely
upon conclusory allegations or contentions of counsel to defeat summary judgment but rather
must produce some specific factual support of its claim.  *See Pueblo v. Neighborhood Health
Centers, Inc.*, 847 F.2d 642, 649 (10th Cir. 1988); *Fritzsche v. Albuquerque Municipal Sch. Dist.*,
194 F. Supp. 2d 1194, 1206 (D.N.M. 2002).  It this case, it does not appear that *any* factual
disputes exist, let alone one that is material.  "Where the record taken as a whole could not lead a
rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"
*Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

Plaintiffs do not contest any of the material facts set out in Defendant's amended motion
for summary judgment, and these facts demonstrate that, as a matter of law, Plaintiffs cannot
prevail.  Although Plaintiffs claim that Defendant did not comply with the arbitrator's initial
award, the undisputed evidence demonstrates that Defendant complied with that award by
reinstating Plaintiff Garcia and paying his back pay, and Defendant's inability to re-employ
Plaintiff Garcia was due to the subsequent action of a third party, not to Defendant's
intransigence.

As discussed more fully in the background section, Defendant paid Plaintiff Garcia his
back pay and sent him a letter reinstating him pursuant to the arbitrator's decision.  Just before

9

Garcia's restart date, Defendant was informed by NASA that it would not certify Garcia to carry a firearm, which was a contractual requirement of the security guard position. Because of this subsequent event, Defendant could not legally rehire Garcia. Garcia then filed a new grievance under the CBA, which is not under the purview of this Court.

Simply put, the Court cannot enforce the arbitrator's award by ordering Defendant to do anything more than it has already done. A change in circumstances after an award issued by an arbitrator precludes the enforcement of the initial award and requires a plaintiff to file a new grievance, as it has done in this case.[4] *See United Food & Commercial Workers Union Local 1776 v. Excel Corp.*, 470 F. 3d 143 (3d Cir. 2006) (company had the right to terminate employee again based on evidence not considered in initial arbitration awarding reinstatement, and a new grievance under the CBA was employee's only remedy); *Chrysler Motors Corp. v. International Union, Allied Indus. Workers*, 2 F. 3d 760, 763 (7th Cir. 1993) ("Simply because an arbitration award requires the reinstatement of a discharged employee does not mean that the employee 'has been granted perpetual job security,'" and company was justified in terminating employee immediately upon restatement based on evidence not considered in initial arbitration award.) (citation omitted). The Court cannot rule on the validity of Plaintiff Garcia's second termination, as that is the subject of his new pending grievance. *See Denhardt v. Trailways, Inc.*, 767 F.2d 687, 690 (10th Cir. 1985) (a plaintiff "cannot resort to the federal courts for the resolution of issues which have been contractually reserved for the arbitrator alone."). The CBA requires

---

[4]Plaintiffs' argument that *res judicata* somehow precluded Defendant from terminating Garcia based on NASA's refusal to recertify him is unavailing for the same reason. Rather than "relitigating" an issue that was settled by the arbitration award, Defendant acted on subsequent events that were not considered in the initial award. This case does not present an "identity of issues" with the arbitration decision. Thus, the doctrine of *res judicata* is inapplicable.

10

contested issues concerning employee discharge to go through the formal grievance process and, if necessary, to be submitted to arbitration.  *See* Doc. no. 18, Ex. 1, ¶16 and 17.  Plaintiffs' pending grievance is their sole means to contest Garcia's second termination.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiffs' *Reply and Opposition to Notice of Removal* [Doc. no. 15] be DENIED, and that Defendant's *Amended Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment* [Doc. no. 18] be GRANTED.


_____
**UNITED STATES DISTRICT JUDGE**

11